**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| TRINIDAD MORALES, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>AMCOR PACKAGING (USA), INC., dba CORRU KRAFT II; DOES 1–100, inclusive,<br><br>              Defendants. | Case No. 2:14-cv-03612-ODW(AJW)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]** |

## I.   INTRODUCTION

On June 2, 2014, Plaintiff Trinidad Morales filed this Motion for Remand. (ECF No. 15.) Defendant Amcor Packaging (USA), Inc., now operating as Orora North America, and doing business as Corru Kraft II, ("Amcor") removed this case from the Los Angeles County Superior Court, arguing that section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, completely preempts Morales's state wage-and-hour claims. Amcor argues that as a result of complete preemption, the state-law claims are transformed into federal claims, thus removal to district court is appropriate. However, the Court finds that complete preemption does

not apply, and, for the reasons discussed below, the Court **GRANTS** Morales's Motion to Remand.[1] (ECF No. 15.)

## II. FACTUAL BACKGROUND

On March 21, 2014, Morales filed a class-action lawsuit in Los Angeles County Superior Court against his former employer, Amcor. (Not. of Removal Ex. A.) Morales alleges four state-law claims in his Complaint: (1) failure to provide meal and rest periods; (2) failure to timely pay wages; (3) failure to maintain and provide accurate itemized statements; and (4) unfair business practices. (*Id.* at 5–13.) On May 8, 2014, Amcor timely removed the action to district court, based on 28 U.S.C. §§ 1331 and 1441. (*Id.* ¶¶ 5, 7, 12.)

Morales's first claim is the only one at issue for purposes of determining federal subject-matter jurisdiction because it is the only one that could possibly invoke any provision of a collective bargaining agreement ("CBA"). Morales and other putative class members were members of the Teamsters District Council No. 2, Local No. 388-M ("Union") and their employment with Amcor was governed by a CBA. (Clark Decl. ¶2.) The CBA includes provisions regarding meal and rest periods, for both corrugator line workers and non-corrugator line workers. (Clark Decl. Ex. A.) Article 9.1 outlines that non-corrugator-line employees are to receive a thirty-minute, off-duty meal period if they work over five hours in a day, and a ten-minute rest period for every four hours worked. (*Id.*) Article 9.2 provides that corrugator-line employees will receive a paid thirty-minute, on-duty meal period if they work over five hours, and the meal period will be counted in calculating overtime. (*Id.*) Similarly, corrugator line employees receive a ten-minute rest period for every four hours worked, however the supervisor may stagger employee rest periods. (*Id.*)

/ / /

/ / /

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On June 2, 2014, Morales filed this Motion to Remand, arguing that no federal subject-matter jurisdiction exists. Amcor timely opposed, and the Motion is currently before the Court for decision.

### III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction.

Federal-question jurisdiction exists when a plaintiff presents a federal question on the face of a properly pleaded complaint. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). An exception to this "well-pleaded complaint" rule is the complete-preemption doctrine. Complete preemption transforms a state-law claim into a federal claim, supplanting the state claim with a federal one. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). Complete preemption occurs where the "preemptive force of some statutes is so strong that they

'completely preempt' and area of state law." *Balcorta*, 208 F.3d at 1107. Accordingly, claims based on preempted state law are treated as federal claims arising under federal law, and federal jurisdiction is proper. *Id.*

## IV. DISCUSSION

Amcor argues that federal-question jurisdiction exists in this case because Morales's claim for violations of California's meal and rest period laws requires interpretation of the CBA in place at Amcor. Accordingly, Amcor argues, section 301 of the LMRA completely preempts the state law claim because section 301 provides that suits for violations of CBAs may be brought in district court. In contrast, Morales argues that the meal and rest period claim is not properly before this Court because it does not raise any federal question, and because even if the CBA is relevant, no interpretation of it is necessary, and therefore the claim is not preempted. Morales's position is supported by a legion of authority.

Complete preemption is rare, generally applying only to the Employee Retirement Income Security Act ("ERISA") and the LMRA. In the LMRA context, the rationale for transforming state-law claims into federal ones is the uniform treatment and interpretation of labor agreements. *Balcorta*, 208 F.3d at 1108. Therefore, section 301 of the LMRA completely preempts state-law claims that are either based on a CBA or require substantial interpretation of a CBA. *Id.* at 1107–08.

When courts evaluate section 301 preemption, they follow a two-step process, first evaluating whether the complaint contains any claims involving a CBA on its face, and if not, whether a claim's resolution requires substantial interpretation of a CBA. *Caterpillar*, 482 U.S. at 394. Here, Morales does not base any of his claims on the CBA on the face of the Complaint. All of his claims are premised on violations of state meal and rest period laws. Accordingly, the Court must evaluate whether resolution of Morales's claims instead require substantial interpretation of the CBA in place at Amcor.

/ / /

"[S]tates may provide substantive rights to workers that apply without regard to a CBA; a state court suit seeking to vindicate these rights is preempted only if it 'requires the interpretation of a collective-bargaining agreement.'" *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 690 (9th Cir. 2001) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988)). Here, Amcor argues that Morales's claim is preempted by section 301 because its resolution requires the Court to interpret CBA provisions.

However, courts have explained that interpretation is to be read narrowly, and that it means something more than referencing, reading, or consultation. *See id.* at 690–691; *Balcorta*, 208 F.3d at 1108. Amcor points to Article 9.2 of the CBA as requiring the Court's interpretation:

> (a) Because corrugator lines are continuous running operations, the nature of the work prevents a co-worker from being relieved of all duty for a meal period. Accordingly, when a co-worker is working on corrugator lines, the co-worker will take an on-duty meal period. An on-duty meal period means that the co-worker will continue to work while eating. An on-duty meal period shall be counted as time worked for all purposes including determining when a co-worker has worked overtime. The union may revoke its agreement to an on-duty meal period in writing at anytime [sic].
>
> (b) When a co-worker is working on corrugator lines one (1) ten (10)-minute paid rest period during each four (4)-hour period or major fraction thereof [more than two (2) hours] is authorized. A co-worker on the corrugator line wishing to take a rest period shall request it from an immediate supervisor. A supervisor shall permit a co-worker to take a rest period except that rest periods may be staggered to minimize interference to the running of the line.

(Clark Decl. Ex. A.)

The language of Article 9.2 is plain and clear. No portion is ambiguous, and the provisions are quite simple in nature. The Court finds that the CBA provisions are unambiguous and do not require interpretation, but to the extent either party references them, they require merely a cursory reading.

Furthermore, Amcor's argument in favor of CBA interpretation could only be mounted as a defense, and even then the CBA would not require interpretation.

> [I]t is "settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."

*Balcorta*, 208 F.3d at 1106 (9th Cir. 2000) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)). Additionally,

> [w]here a party defends a state cause of action on the ground that the plaintiff's union has bargained away the state law right at issue, the CBA must include "clear and unmistakable" language waiving the covered employees' state right "for a court even to consider whether it could be given effect." Thus, a court may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering § 301 preemption.

*Cramer*, 255 F.3d at 692 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)).

Here, the issue is whether Amcor provided meal and rest periods in accordance with California wage-and-hour law. As a defense, Amcor may submit the CBA and argue that Morales and the rest of the class agreed to forgo off-duty meal and rest breaks. However, a valid defense will not support removal to district court; it simply means that Amcor prevails in state court. *See Placencia v. Amcor Packaging Distrib., Inc.*, No. 8:14-cv-00379-AG-JPR, 2014 WL 2445957 at *2 (C.D. Cal. May 12, 2014) ("If Plaintiff's overtime claim under California law fails, that doesn't mean this Court has jurisdiction, it means Amcor wins.").

Moreover, Amcor essentially admits that the CBA could only amount to a defense when it urges the Court to follow *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107 (9th Cir. 1999), which Amcor cites for the proposition that federal-question defenses will trigger preemption. (Not. of Removal ¶ 9; Opp'n 4.) However, Amcor misreads *Audette*. The plaintiff in *Audette* sued the defendant-employer for nonperformance of a settlement agreement. *Audette* at 1110. The settlement agreement provided that nonperformance was excused in instances that had been outlined in the CBA. *Id.* at 1113. Therefore, determination of the outcome required the court to not only refer to the CBA, but interpret provisions of it. *Id.* at 1112.

*Audette* is inapposite here. Unlike *Audette*, Morales is not raising any claim nor making any allegation that requires reference to the CBA, let alone interpretation of it. Determination of whether Morales and others similarly situated received meal and rest breaks in accordance with California law can be done with testimony and business records alone. Amcor is the party that would like the Court to refer to the CBA—in its defense. As explained above, any defense that includes reference to the CBA is merely that—a defense—and it will not support removal.

Lastly, Amcor argues that Morales "artfully pleaded" his claims as state-law claims to avoid federal subject-jurisdiction. *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860–861 (9th Cir. 1987) ("[A plaintiff] may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim.").

In this case, Morales did not omit allegations of federal law that are essential to the establishment of his claim, similar to the plaintiffs in *Paige*. In *Paige*, the plaintiffs claimed wrongful discharge in retaliation for refusing to comply with an employer's unsafe business practices. *Paige*, 826 F.2d at 863. But the employer-defendant removed the case to district court arguing that the employee discharges were governed by a CBA that had to be interpreted to determine if the discharges were

wrongful. The court in *Paige* held that, although the plaintiffs were governed by a CBA, the wrongful-discharge claims were not artfully pleaded to avoid federal subject-matter jurisdiction, reasoning that the claims were filed under state laws enacted to protect workers, irrespective of any labor agreement. *Id.* at 863–64.

Similarly, Morales's claim here is for violations of state wage-and-hour laws that exist independently of the CBA to protect California citizens. California Labor Code section 512 exists to ensure that employees get a meal period while working, for the employees' health and welfare. *See* § 512(a)–(b). The California Labor Code also requires that an employee be compensated if not provided a meal or rest period. *See* § 226.7(c). These statutes exist to ensure that employees have the opportunity for nourishment and rest, and if not, that they are adequately compensated for forgoing their meal and rest periods. Accordingly, the Court finds that Morales's Complaint is not artfully pleaded to avoid federal-question jurisdiction and is based solely on state law.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Morales's Motion to Remand (ECF No. 15), and **REMANDS** this action back to Los Angeles County Superior Court, Case No. 540163. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

June 30, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

```
cc: order, docket, remand letter to
    Los Angeles Superior Court, No. BC 54-163
```